UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

DAVID CHAPERON,

                               Plaintiff,

                 -against-

CITY OF NEW YORK; Police Officer SCOT
KASHINSKY, Shield No. 21885, Police Officer
GAETJEANS DOXY, Shield No. 13488, Police
Officer LAUREN SHEPHERD, Shield No. 06524
Sergeant MIGUEL FIGUEROA, Shield No.
18688; Sergeant JASON ZEIKEL, Shield No.
11696; and JOHN and JANE DOE 1 through 10,
in their official capacity (the names John and Jane
Doe being fictitious, as the true names are presently
unknown),

                          Defendants.

------------------------------------------------------------- x

**CV 13 - 1344**

**COMPLAINT**

Jury Trial Demanded

**BLOCK, J.**

**LEVY, M.J.**

## NATURE OF THE ACTION

1.      This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.     This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6.     Plaintiff demands a trial by jury in this action.

## PARTIES

7.     Plaintiff David Chaperon ("plaintiff" or "Mr. Chaperon") is a resident of Kings County in the City and State of New York.

8.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.     Defendant Police Officer Scot Kashinsky, Shield No. 22885 ("Kashinsky"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Kashinsky is sued in his individual and official capacities.

10.     Defendant Police Officer GaetJean Doxy, Shield No. 13488 ("Doxy"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Doxy is sued in his official capacity.

11.     Defendant Police Officer Lauren Shepherd, Shield No. 06524 ("Shepherd"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Shepherd is sued in his official capacity.

12.     Defendant Sergeant Miguel Figueroa, Shield No. 11696 ("Figueroa"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Figueroa is sued in his official capacity.

13.     Defendant Sergeant Jason Zeikel, Shield No. 18688 ("Zeikel"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Zeikel is sued in his official capacity.

14.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

15.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

16.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

17.    At approximately 10:10 p.m. on July 4, 2012, plaintiff was lawfully in the vicinity of Mermaid Avenue and West 19th Street in Brooklyn, NY.

18.    Plaintiff observed his friend, Christopher Smith, being placed under arrest by several New York City Police Officers.

19.    As Christopher was being placed into the police van, plaintiff walked in front of the van to cross the street.

20.    An officer the approached plaintiff and shoved him with both hands.

21.    When plaintiff questioned why he was shoved, an officer twisted plaintiff's arm roughly behind him.

22.    Despite the fact that they had no probable cause to believe that he had committed any crime or offense, New York City Police Officers placed plaintiff under arrest.

23.    Several officers, including defendants, handcuffed plaintiff and forced him into a police van.

24.    Defendant Kashinsky then tightened plaintiff's handcuffs excessively tightly causing excruciating pain and injuring plaintiff's wrist.

25.    Plaintiff the officers to tighten his handcuffs to have his cuffs loosened, an officer a defendant officer laughed and said "good one."

26.    Plaintiff requested for medical attention on several occasions, but his

repeated requests were denied.

27.    Plaintiff was eventually taken the police precinct.

28.    At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff obstructing governmental administration, engaging in disorderly conduct and resisting arrest.

29.    At no point did the officers observe plaintiff commit any crimes or offenses.

30.    From the precinct, plaintiff was taken to Brooklyn Central Booking.

31.    Plaintiff was subsequently arraigned in Kings County Criminal Court and released.   After three additional court appearances, the criminal charges were adjourned in contemplation of dismissal.

32.    Upon release, plaintiff received medical treatment for his injured wrist.

33.    Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

34.    At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

35.    This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

36. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

39. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

42. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

43.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44.     By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

45.     Plaintiff was conscious of his confinement.

46.     Plaintiff did not consent to his confinement.

47.     Plaintiff's confinement was not otherwise privileged.

48.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

49.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

50.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

52.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

53.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54.   By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

55.   Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

56.   As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### Malicious Abuse of Process

57.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

58.   The individual defendants issued legal process to place Plaintiff under arrest.

59.     The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

60.     The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

61.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### SEVENTH CLAIM
### Negligent Hiring/Training/Retention

62.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

63.     Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

64.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

65.    Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

66.    Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

67.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### First Amendment Retaliation

68.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

69.    By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of his right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiff's First Amendment rights to speech by unlawfully denying his right to speak freely by subjecting him to false arrest and excessive force to deter the exercise of his

First Amendment rights.  Defendants' actions were taken in retaliation for plaintiff's exercising his First Amendment rights.

70.   As a consequence of the individual defendants' actions, plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing his First Amendment-protected activities.

71.   As a direct and proximate result of the individual defendants' unlawful actions, plaintiff has suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## NINTH CLAIM
### Intentional Infliction of Emotional Distress

72.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

73.   By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so

extreme and outrageous as to constitute the intentional infliction of emotional distress upon Plaintiff.

74.     The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

75.     Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon Plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

76.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Negligent Infliction of Emotional Distress

77.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

78.     By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD

officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon Plaintiff.

79. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

80. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon Plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior.*

81. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
### Deliberate Indifference to Safety/Medical Needs

82. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

83. The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

84. Accordingly, defendants violated the fourteenth amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

85.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TWELFTH CLAIM
### Failure to Intervene

86.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

87.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

88.    Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

89.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:     March 13, 2013
           New York, New York

                                    Robert Marinelli
                                    299 Broadway, Suite 1501
                                    New York, New York 10007
                                    (212) 822-1742

                                    *Attorney for plaintiff*